RECEIVED
APR - 6 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOSE CRISTOBAL CARDONA
    FED. REG. #40869-080

VS.

WARDEN JOE KEFFER

CIVIL ACTION NO. 08-2035

SECTION P
JUDGE TRIMBLE
MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

On December 17, 2008, pro se petitioner Jose Cristobal Cardona filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock (USPP), Louisiana, and, he complains that the Disciplinary Hearing Officer (DHO) imposed an improper sanction and relied upon inadmissible evidence that resulted in the forfeiture of 40 days of good time credits. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### Statement of the Case

On April 9, 2008, petitioner was compelled to provide a urine sample for drug urinalysis. On April 18, 2008 the drug analysis performed by National Toxicology Laboratories revealed

the presence of opiates/morphine. A review of medical records confirmed that petitioner was neither issued nor prescribed any substance that would account for the positive test. Accordingly, petitioner was charged with a violation of the disciplinary rules, Offense Code 112 - use of any narcotic not prescribed. Advanced written notice of the offense was given to petitioner on April 18, 2008. Petitioner was advised of his rights on April 21, 2008. The DHO hearing was convened on June 3, 2008. Petitioner waived his right of representation and admitted the violation. Based on the evidence- including the chain of custody, laboratory report, medical memorandum, and petitioner's admission - petitioner was found guilty and sanctioned to the loss of 40 days good conduct time and 60 days disciplinary segregation and participation in PICP. He was advised of his appeal rights, however, both the regional and national offices rejected his appeal as untimely. [rec. doc. 7, pp. 4-12]

### Law and Analysis

Read liberally, the instant petition implies that petitioner was deprived of good time credits and otherwise sanctioned in violation of the Fifth Amendment's due process clause, and in violation of the Fourth Amendment's prohibition of unreasonable searches and seizures. Petitioner also complains that he has a property right to his urine and that he was deprived of his "property" without due process.

## Law and Analysis

### 1. Fourth Amendment Claim

While imprisoned persons enjoy many protections of the Constitution, it is clear that imprisonment carries with it the circumscription or loss of many significant rights. See, Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 1877 (1979). Loss of freedom of choice and privacy are inherent incidents of confinement. Bell v. Wolfish, 441 U.S. at 537, 99 S.Ct. at 1873. The Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. Hudson v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194, 3200. Petitioner's Fourth Amendment claim - to the extent that one is argued - is without merit.

### 2. Due Process/Liberty

With regard to his due process claims, federal prisoners do have liberty interests in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner claims that he lost good time credits, the due process analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Superintendent, Massachusetts Correctional

3

Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In Wolff, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555- 556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985); Wolff, *supra*, at 556.

In response to an order, petitioner supplied copies of the pertinent DHO documents. [rec. doc. 7] These exhibits establish that petitioner was afforded all the process he was due. To the extent that petitioner maintains that he was in any way deprived of liberty without due process, his claim is not supported by

either the facts or the law.

### 3. *Property Deprivation*

Finally, petitioner advances the novel argument that his urine constitutes property and the "taking" of his urine sample violated due process. That claim is also without a basis in law. Compare <u>Rise v. Oregon</u>, 59 F.3d 1556 (9th Cir.1995), *cert. denied*, 517 U.S. 1160, 116 S.Ct. 1554, 134 L.Ed.2d 656 (1996); <u>Boling v. Romer</u>, 101 F.3d 1336; see also <u>Esnault v. Burnett</u>, 83 Fed.Appx. 279 (10th Cir. 2003); <u>Williams v. Dept. of Rehabilitation and Correction</u>, 3 Fed. Appx. 415 (6th Cir. 2001).

### 4. *Conclusion*

Considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana April 6, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE